IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWEST DIVISION

HEATHER RENA CLEMENTS, )
)
Plaintiff, )
)
v. )       Case No.6-12-03543-CV-S-REL-SSA
)
CAROLYN COLVIN, Acting Commissioner )
of Social Security, )
)
Defendant. )

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Heather Rena Clements seeks review of the final decision of the Commissioner

of Social Security denying plaintiff's applications for disability benefits and supplemental

security income benefits under Title II and Title XVI of the Social Security Act ("the Act").

Plaintiff argues that the Administrative Law Judge (ALJ) did not link his residual functional

capacity (RFC) to substantial evidence of record. I find that the substantial evidence in the record

as a whole supports the ALJ's conclusion that plaintiff is not disabled. Therefore, plaintiff's

motion for summary judgment will be denied and the decision of the Commissioner will be

affirmed.

## I.    COMMISIONER'S DECISION

On March 17, 2010, plaintiff filed her applications for disability insurance benefits and

supplemental security income. Plaintiff alleged disability since September 1, 2006 due to a

combination of physical and mental impairments (Tr. 125-33, 134-40)[1]. On April 21, 2010,

---

[1] As noted by the Commissioner, plaintiff's date last insured was June 30, 2004 (Tr. 190). Therefore, in reference to
plaintiff's claim for disability benefits under Title II of the Act, she was not insured on her alleged disability onset
date.

As to the claim for supplemental security income benefits under Title XVI of the Act, when an individual files an
application after the month he or she first meets all the other requirements for eligibility, cash benefits cannot be
paid for the month the application is filed or any months before that month. 20 C.F.R. § 416.335. Here, because
plaintiff filed her claim for supplemental security income benefits in March 2010, the earliest that she could be
found eligible for cash benefits is April 2010. Furthermore, plaintiff must establish that she was disabled while her

plaintiff's claim was denied at the initial level (Tr. 53-59, 60-66). On July 27, 2011, a hearing was held before the ALJ (Tr. 22-41). On August 12, 2011, the ALJ found that plaintiff is not under a disability as defined in the Act (Tr. 8-21). On October 23, 2012, the Appeals Council denied plaintiff's request for review (Tr. 1-6). Therefore, the August 12, 2011 decision of the ALJ stands as the final decision of the Commissioner.

## II.    STANDARD FOR JUDICIAL REVIEW

Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner. The standard for judicial review by the federal district court is whether the decision of the Commissioner was supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000); Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997); Andler v. Chater, 100 F.3d 1389, 1392 (8th Cir. 1996). The determination of whether the Commissioner's decision is supported by substantial evidence requires review of the entire record, considering the evidence in support of and in opposition to the Commissioner's decision. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989). "The Court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." Wilcutts v. Apfel, 143 F.3d 1134, 1136 (8th Cir. 1998) (citing Steadman v. Securities & Exchange Commission, 450 U.S. 91, 99 (1981)).

Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 401; Jernigan v. Sullivan, 948 F.2d 1070, 1073 n. 5 (8th Cir. 1991). However, the

---

application was pending. 20 C.F.R. § 416.330. Therefore, the relevant time period for consideration of plaintiff's claim is from April 2010 through August 2011, when the ALJ issued his decision.

substantial evidence standard presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. "[A]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988).

## III. BURDEN OF PROOF AND SEQUENTIAL EVALUATION PROCESS

An individual claiming disability benefits has the burden of proving she is unable to return to past relevant work by reason of a medically-determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). If the plaintiff establishes that she is unable to return to past relevant work because of the disability, the burden of persuasion shifts to the Commissioner to establish that there is some other type of substantial gainful activity in the national economy that the plaintiff can perform. Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000); Brock v. Apfel, 118 F. Supp. 2d 974 (W.D. Mo. 2000).

The Social Security Administration has promulgated detailed regulations setting out a sequential evaluation process to determine whether a claimant is disabled. These regulations are codified at 20 C.F.R. §§ 404.1501, et seq. The five-step sequential evaluation process used by the Commissioner is outlined in 20 C.F.R. § 404.1520 and is summarized as follows:

1.    Is the claimant performing substantial gainful activity?

> Yes = not disabled.
> No = go to next step.

2.    Does the claimant have a severe impairment or a combination of impairments which significantly limits her ability to do basic work activities?

> No = not disabled.
> Yes = go to next step.

3.    Does the impairment meet or equal a listed impairment in Appendix 1?

Yes = disabled.

No = go to next step.

4.     Does the impairment prevent the claimant from doing past relevant work?

No = not disabled.

Yes = go to next step where burden shifts to Commissioner.

5.     Does the impairment prevent the claimant from doing any other work?

Yes = disabled.

No = not disabled.

## IV.     *THE RECORD*

The record consists of the testimony of plaintiff and Karyl Kuuttila, M.S., a vocational

expert, at the July 20, 2011 hearing, in addition to documentary evidence admitted at the hearing.

## A.     ADMINISTRATIVE REPORTS

The record contains an earnings report, which shows plaintiff earned the following

income from 1999 to 2006:

| Year | Earnings | Year | Earnings |
|------|----------|------|----------|
| 1999 | $ 445.48 | 2003 | $846.89 |
| 2000 | 1,815.48 | 2004 | 582.40 |
| 2001 | 4,135.28 | 2005 | .00 |
| 2002 | 3,814.67 | 2006 | 968.22 |

(Tr. 145).

## B.     SUMMARY OF MEDICAL RECORDS

As summarized by plaintiff, the medical record reflects diagnosis and treatment of

multiple medical problems.

## C.     SUMMARY OF TESTIMONY

During the July 20, 2011 hearing, plaintiff and Karyl Kuuttila, M.S., a vocational expert,

testified.

**1.      Plaintiff's Testimony**

Plaintiff testified that she was born on September 11, 1983 and was 27 years old at the time of the hearing; she graduated from high school; and she last worked in 2006 for about a month at Bass Pro Shop (Tr. 25-26).

When asked what she believed was her "biggest problem . . . that prevent[ed] [her] from working full time," plaintiff responded that she has a lot of pain in her back and legs (Tr. 28). Plaintiff said that she can hardly bend, that it hurts to walk, that she has difficulty sleeping, and that she is only able to sit for about ten minutes without moving (Tr. 29-30). Plaintiff related that she has a history of kidney stones, which cause a lot of pain (Tr. 31).

Plaintiff testified that she lives with her three children, ages 6, 5, and 3, and that her husband comes over every night after work to help out (Tr. 32).

**2.      Vocational Expert's Testimony**

Karyl Kuuttila, .M.S., a vocational expert, testified at the request of the ALJ.

After a discussion with the ALJ, the expert concluded that none of plaintiff's past jobs qualify as past relevant work because of their short duration (Tr. 36-37).

The ALJ posed a hypothetical question with a limitation to sedentary work (Tr. 37). The hypothetical individual must be able to get up, shift around, and change positions from time to time (Tr. 37). The expert opined that the hypothetical individual could perform other sedentary unskilled jobs including surveillance-systems monitor, order clerk (food and beverage), and dowel inspector (Tr. 37-38).

When questioned about the permissible absenteeism in these jobs, the expert opined that the hypothetical individual could miss one or two days per month before completive employment

would be precluded (Tr. 38).

When asked to assume that the limitations set forth by plaintiff during her hearing testimony were supported by the medical evidence, the expert opined that a hypothetical individual with those limitations would be unable to perform jobs that exist in significant numbers in the national economy (Tr. 38-39).

## V. FINDINGS OF THE ALJ

ALJ Richard Mueller made his decision on August 12, 2011. The ALJ found that plaintiff has not engaged in substantial gainful activity since September 1, 2006 (Tr. 13). The ALJ found that plaintiff's status post-kidney surgery, plantar fasciitis, and Achilles tendonitis of the right foot are severe impairments (Tr. 13-14) and that no impairment meets or equals the severity requirements of any Listing (Tr. 14). The ALJ determined that plaintiff retains the ability to perform a wide range of sedentary work (Tr. 14-16); that plaintiff has no past relevant work (Tr. 16); but that plaintiff could perform other jobs existing in significant numbers in the national economy (Tr.16-17). The ALJ found plaintiff is not disabled (Tr. 17).

## VI. RFC

Plaintiff argues that the ALJ failed to link his RFC to substantial evidence in the record.

First. Plaintiff argues that the ALJ impermissibly relied on an opinion by a single decision maker (SDM). In response, the Commissioner argues that the ALJ's RFC is supported by the record as a whole and that the ALJ's mistaken reference to the SDM's assessment as a medical opinion does not constitute reversible error.

A SDM is not a medical source and his/her opinion is not due any significant weight. Dewey v. Astrue, 509 F.3d 447, 449 (8th Cir.2007). The ALJ may not rely on a SDM opinion. Kettering v. Astrue, 4:11CV646 RWS FRB, 2012 WL 3871995 (E.D. Mo. Aug. 13, 2012) report

and recommendation adopted, 4:11CV646 RWS, 2012 WL 3872021 (E.D. Mo. Sept. 6, 2012) ("In addition, while the ALJ considered [the SDM's] opinion, he properly did not rely on it in making his determination as to plaintiff's RFC.").

On April 20, 2010, Terry D. Miller, a SDM, opined that plaintiff was capable of performing a wide-range of light work (Tr. 621-27). In his decision, the ALJ found that the SDM's opinion is entitled to some weight (Tr. 16). However, as noted by the Commissioner, the ALJ's RFC is more restrictive than the SDM's opinion (i.e., sedentary versus light). Furthermore, the ALJ based his RFC on many factors including the medical evidence, plaintiff's daily activities, the treatment modalities, plaintiff's credibility, and plaintiff's testimony at the administrative hearing.

I find the ALJ's mention of the SDM is not fatal to his RFC determination.

Next, plaintiff argues that the ALJ's RFC assessment was not based upon any medical opinion.

An ALJ does not have to rely entirely on a doctor's opinion, nor is he or she limited to a simple choice of the medical opinions in the record when he or she formulates the residual functional capacity. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians") (internal citations omitted). Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between a residual functional capacity finding and a specific medical opinion on the functional capacity in question.").

The RFC assessment is specifically reserved to the Commissioner and the ALJ, not a claimant's doctors. The Commissioner uses medical sources to "provide evidence" regarding

several factors, including residual functional capacity, but the "final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. § 416.927(d)(2).

An ALJ may make his own assessment based on his review of the record as a whole. Steed v. Astrue, 524 F.3d 872, 865 (8th Cir. 2008) (ALJ's residual functional capacity finding based upon diagnostic tests and examination results); Halverson v. Astrue, 600 F.3d 922, 933-34 (8th Cir. 2010).

An ALJ's decision should reflect that he or she carefully considered plaintiff's subjective complaints in light of the record as a whole before formulating the RFC. Wiese v. Astrue, 552 F.3d 728, 733-34 (8th Cir. 2009) (disagreeing with Wiese's contention that the ALJ's credibility findings were conclusory and insufficiently explained; noting a significant portion of the decision was devoted to a discussion of credibility, treatment history).

Pain and mental limitations are a subjective experience and, in recognition of this fact, the regulations require the ALJ to analyze the credibility of a claimant's subjective complaints of pain by assessing: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). See also Lowe v. Apfel, 226 F.3d 969, 971-72 (8th Cir. 2000); 20 C.F.R § 416.928 .

An ALJ may consider a variety of factors when evaluating a plaintiff's credibility including his or her work history. Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001); Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir.1993) (claimant's credibility is lessened by a poor work history).

Here, the ALJ based his RFC on a review of the medical record, plaintiff's daily activities, the treatment modalities, plaintiff's credibility, and plaintiff's testimony.

Plaintiff next argues that the ALJ based the RFC on his personal, non-medical opinion, when the judge observed that plaintiff displayed no "stigmata" of constant and unremitting pain. This unfortunate reference appears to have been drawn from a 5th Circuit case in which it was held that "[g]enerally, when an individual has suffered severe pain for a long time, there are observable signs, such as drawn features, expressions of long suffering, significant weight loss, and poor overall health." Chaney v. Califano, 588 F. 2d 958, 960 (5th Cir. 1978). This is not the Eighth Circuit standard. However, I find it clear that, despite this unfortunate reference, the ALJ essentially considered and relied upon appropriate Polaski factors in reaching his decision on plaintiff's RFC and therefore any error is harmless.

Because the medical record is devoid of any medical opinion, plaintiff next argues that the ALJ should have contacted plaintiff's medical sources and elicited medical opinions. However, "[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC," Pearsall, at 1217. If plaintiff wanted to obtain a medical opinion from a medical source for consideration in connection with her claim, she should have done so. I find that the record before the ALJ was sufficient, and that the ALJ was not required to contact any of plaintiff's treating physicians.

I find that substantial evidence on the record supports the ALJ's determination of the plaintiff's RFC.

## VII.    CONCLUSIONS

Based on all of the above, I find that the substantial evidence in the record as a whole supports the ALJ's decision finding plaintiff not disabled. Therefore, it is

ORDERED that plaintiff's motion for summary judgment is denied. It is further

ORDERED that the decision of the Commissioner is affirmed.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

March 12, 2014
Kansas City, Missouri